UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

| | |
|---|---|
| MSC Mediterranean Shipping Company, S.A., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 24-1007 |
| ) | |
| Federal Maritime Commission, ) | |
| ) | |
| Respondent. ) | |
| ) | |

_____

**NONBINDING STATEMENT OF ISSUES OF PETITIONER
MSC MEDITERRANEAN SHIPPING COMPANY, S.A.**

Pursuant to the Court's Order of January 23, 2024, Petitioner MSC Mediterranean Shipping Company, S.A. ("MSC") submits the following nonbinding statement of issues to be raised:

1. Did the Commission err in holding that it had jurisdiction over the dispute at issue, notwithstanding the Shipping Act's prohibition in 46 U.S.C. § 40502(f) on the Commission's exercise of jurisdiction over claims for service contract breaches, and given the Commission's holding in *Cargo One v. COSCO Containers*, 2000 FMC LEXIS 14, at *1644 (FMC Oct. 31, 2000) that claims "premised on the obligation to meet one's contract commitments" are "outside its jurisdiction"?

1

2. Did the Commission err in concluding it had jurisdiction notwithstanding the parties' express agreement stating that "[a]ny disputes arising out of or in connection with" each of the service contracts at issue should be resolved by binding arbitration, given that the Commission's authority to hear Shipping Act violation claims in the context of an express arbitration agreement exists only when the claims do not arise out of and are not in connection with a contract under which the parties have agreed to arbitration? *See* Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq*.

3. Did the Commission err in affirming a finding of default where MSC appeared and defended the case, where it participated in all proceedings, and when the basis for default was MSC's inability to provide certain discovery without risking criminal jeopardy due to Swiss blocking statutes, Section 271 and Section 273 of the Swiss Criminal Code, unless procedures under the Hague Convention were used, and where MSC diligently attempted to invoke those procedures, culminating in a ruling by the Swiss Minister of Justice that the procedures were available, but the Commission's Administrative Law Judge refused to allow MSC to pursue them and instead found MSC in default for failure to provide the discovery?

4. Did the Commission err in affirming a finding of default based on MSC's asserted inability to comply with discovery due to Swiss blocking statutes

without engaging in government-to-government consultations to resolve the conflict as required by 46 U.S.C. § 41108(c)(2)?

5. Did the Commission err in finding default without assessing the importance of the disputed discovery to the issues in the case, particularly in light of the extensive discovery MSC had already provided, and in failing to meaningfully consider whether sanctions short of default would be adequate to resolve the case on the merits and basing its conclusions on this point, among other things, on incorrect statements as to what discovery had and had not been produced?

6. Did the Commission err in finding that a discrimination claim brought by a shipper states a claim, despite the plain language and legislative history of the Shipping Act providing that the Shipping Act does not permit claims of discrimination among shippers for contract as opposed to tariff carriage, and as to contract carriage allows only claims of discrimination directed against ports?

7. Did the Commission err in finding that a refusal to deal claim was stated under the Shipping Act when the record evidence confirmed that MSC dealt with the Complainant and the Complainant chose to accept only a portion of MSC's

8. Was the Commission's decision arbitrary and capricious because it failed to deal with, explain, or distinguish contrary agency precedent?

Respectfully submitted,

*/s/ Michel F. Scanlon*

Michael F. Scanlon
John Longstreth
K&L Gates LLP
1601 K Street, NW
Washington, D.C. 20006
(202) 778-9000
michael.scanlon@klgates.com
john.longstreth@klgates.com

*Counsel for MSC Mediterranean Shipping Company S.A.*

February 22, 2024

## CERTIFICATE OF SERVICE

I hereby certify that I have this 22nd day of February, 2024, caused to be served copies of the foregoing via the Court's ecf system.

                               */s/ John Longstreth*
                                 John Longstreth